DEC 2 0 2005

Mark E. Ashburn
Matthew T. Findley
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

**FILED**

DEC 2 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

Attorneys for Defendants University of Alaska Anchorage, and
Rick Weems

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A03-0244 CV [JWS] |
| ) | |
| UNIVERSITY OF ALASKA at ) | **MOTION BY DEFENDANTS AS TO** |
| ANCHORAGE, an instrumentality of the ) | **ADMISSIBILITY OF CERTAIN** |
| State of Alaska, and RICK WEEMS, ) | **EVIDENCE** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John Mun's remaining claims relate to two specific issues: (1) whether

Mun was denied overtime pay while CAPP Coordinator at UAA due to his race; and (2)

whether Mun was denied (hereto unspecified) promotions and/or pay raises due to his religious beliefs. Defendants bring this motion to ask the Court to restrict the admissible evidence at trial to evidence related to these two issues. Specifically, Defendants ask that the Court disallow evidence relating to the following claims and issues where the Court has previously entered judgment against Mun: (1) retaliation; (2) hostile work environment; (3) due process; (4) elimination of the Curriculum Manager position; (5) equal pay between University of Alaska campuses; and (6) Mun's overtime pay while Facilities Scheduling Coordinator.

Recently, the Court entered judgment against Mun on his retaliation claim, ruling that Mun did not engage in a "protected activity" under Title VII until *after* the retaliatory events alleged by Mun – specifically the alleged restrictions on Mun's attending UAA governance meetings. Mun, however, may seek to introduce evidence relating to these alleged retaliatory events at trial. Indeed, the bulk of the affidavits attached to Mun's opposition to Defendants Title VII summary judgment motion address Mun's attendance (or lack thereof) at UAA governance meetings. This evidence is wholly irrelevant to the remaining issues in this litigation and should be excluded. Even if Mun was improperly restricted from participating in UAA governance activities (he was not), this restriction has no bearing on whether Mun was denied overtime due to his race or denied promotions or pay increases due to religion. Further, because Mun has *no remaining retaliation claims*, Mun cannot even argue that evidence relating to his governance participation relates to other acts of alleged retaliation.

The Court likewise has previously entered judgment against Mun on his hostile work environment claim. Mun's hostile work environment claim consisted of numerous factual allegations regarding his day-to-day treatment at UAA, ranging from the placement of his desk to the revision of his job description. Again, none of these allegations relate to the remaining issues in this case. Allowing Mun to introduce evidence related to his hostile work environment claim would result in numerous time consuming (and pointless) mini-trials on issues such as department e-mail distribution and Mun's use of sick leave.

The Court also entered judgment against Mun on his claim that the UAA grievance procedures violated his due process rights. Accordingly, the Court should exclude any evidence or argument regarding the merits and/or fairness of UAA's grievance process as this evidence has no bearing on Mun's remaining discrimination claims.

In addition to excluding evidence relating to claims no longer in this lawsuit, the Court should also exclude evidence relating to factual allegations the Court has already ruled do not support a *prima facie* case of discrimination -- specifically, evidence relating to the elimination of the Curriculum Manager position and the variation in pay for the CAPP Coordinator and Facilities Scheduling Coordinator positions between University campuses. The Court has already ruled that these factual allegations, even if true, cannot support a claim for racial discrimination under Title VII or Section 1983. Mun should not be allowed to circumvent these rulings by introducing this evidence to try and support his remaining discrimination claims.

MOTION BY DEFENDANTS AS TO ADMISSIBILITY OF CERTAIN EVIDENCE
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                                                                 Page 3 of 5

Finally, the Court previously entered judgment against Mun on his claim that he was denied overtime due to his race while he was Facilities Scheduling Coordinator. Again, however, Mun may nonetheless attempt to introduce evidence that he has not been paid all the overtime he is allegedly owed from when he held this position, and that this denial of overtime pay was due to his race. The court should exclude this evidence. Evidence relating to any overtime pay Mun believes he is owed from his tenure as Facilities Scheduling Coordinator is entirely irrelevant to Mun's remaining claims. Rather, it is evidence of damages for a claim that no longer exists. Evidence that Mun was denied this overtime due to race should be excluded because: (1) this evidence cannot establish liability for Mun's remaining Title VII and Section 1983 claims and; (2) admitting this evidence will likely confuse the jury, leading to the possibility that it will assign liability for Mun's overtime claim while CAPP Coordinator based on evidence relating to Mun's tenure as Facilities Scheduling Coordinator.

ASHBURN & MASON, P.C.
Attorneys for Defendants

DATED: 12-19-05     By: _____
                        Mark E. Ashburn
                        Alaska Bar No. 7405017

DATED: 12-19-05     By: _____
                        Matthew T. Findley
                        Alaska Bar No. 0504009

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was ( ) hand delivered ( ) faxed (✓) mailed on the **20** day of December 2005 to:

    Dennis Acker, Esq.
    Acker & Associates
    329 F Street, Suite 220
    Anchorage, AK 99501

ASHBURN & MASON, P.C.

By: *Chary Soto*
    Chary Soto

P:\Clients\10067\M No Evidence re Dismissed Claims (051216).dot

ASHBURN & MASON P.C.
LAWYERS
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501-5914
Tel 907.276.4331 • Fax 907.277.8235

MOTION BY DEFENDANTS AS TO ADMISSIBILITY OF CERTAIN EVIDENCE
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]