DEC 2 0 2005

FILED

DEC 2 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Mark E. Ashburn
Matthew T. Findley
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

Attorneys for Defendants University of Alaska Anchorage, and Rick Weems

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF ALASKA at ANCHORAGE, an instrumentality of the State of Alaska, and RICK WEEMS,<br><br>    Defendants. | Case No. A03-0244 CV [JWS]<br><br>**MOTION BY DEFENDANTS AS TO EVIDENCE RELATING TO PLAINITFF'S CLAIM OF RELIGIOUS DISCRIMINATION** |

Plaintiff John Mun's claim of religious discrimination is based on his allegation that certain individuals in an alleged Christian prayer group received promotions and

salary increases while Mun was not granted the promotions and salary increases due to his non-Christian beliefs. To date, however, *Mun has failed to identify a single promotion or salary increase he sought but did not receive due to alleged religious bias.*[1] Rather, all Mun has alleged, primarily through discovery responses, is the supposed existence of a "prayer group" and that *employees other than Mun* were denied promotions and salary increases based on religious affiliation. These allegations, standing alone, cannot establish liability on Mun's religious discrimination claim. Mun has no standing to assert claims of religious discrimination on behalf of others. And Mun has not stated a hostile work environment claim based on religion.

Defendants therefore request that any evidence relating to religious discrimination allegedly suffered by others, or relating to the religious "atmosphere" at UAA be excluded unless Mun makes on offer of proof demonstrating that this evidence: (1) relates to a promotion or salary increase Mun sought but did not receive; (2) is not overly prejudicial under Federal Rule of Evidence 403; and (3) does not create an unreasonable risk that the jury will assign liability based on events that happened to

---

[1] Mun has alleged specific promotions and salary increases he did not receive relating to his claim of *racial* discrimination. But the court has ruled that these stated promotions or salary increases either do not support a *prima facie* case of discrimination (elimination of curriculum manager position, pay disparities between campuses), or are time-barred (the director of summer sessions position, the salary increases given to Jason Brune and Brad Bodde). Thus, even if Mun were to try and recast these allegations as instances of *religious* discrimination, such an attempt must fail.

MOTION BY DEFENDANTS AS TO EVIDENCE RELATING TO PLAINITFF'S
CLAIM OF RELIGIOUS DISCRIMINATION
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                                   Page 2 of 3

other individuals.[2] Should Mun fail to identify a promotion or salary increase he sought but did not receive due to alleged religious bias, the Court should exclude this category of evidence entirely.

ASHBURN & MASON, P.C.<br>Attorneys for Defendants

DATED: 12-19-05          By: _____
                              Mark E. Ashburn
                              Alaska Bar No. 7405017


DATED: 12-19-05          By: _____
                         (MT) Matthew T. Findley
                              Alaska Bar No. 0504009

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was ( ) hand delivered ( ) faxed (✓) mailed on the 20 day of December 2005 to:

Dennis Acker, Esq.
Acker & Associates
329 F Street, Suite 220
Anchorage, AK 99501

ASHBURN & MASON, P.C.

By: _____
    Chary Soto
P:\Clients\10067\M Evidence Regarding Religious Claims (051216).dot

---

[2] See, e.g., Tennison v. Circus Circus Enterprises, 244 F.3d 884, 690 (9th Cir. 2001).