Dennis Acker, Esq. Bar No. 9911055
ACKER & ASSOCIATES
329 F. Street, Suite 220
Anchorage, AK 99501
(907) 222-2885
Fax (907) 222-2889

Attorneys for Plaintiff
John Mun

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN Individually, | Case No.: A03-0244 CV (JWS) |
| Plaintiff, | OPPOSITION TO MOTION REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S PRE-TRIAL ORDER |
| vs. | |
| UNIVERSITY OF ALASKA at ANCHORAGE, an instrumentality of the State of Alaska, RICK WEEMS, Individually, RON KAMAHELE, Individually and MARY HOWARD Individually. | |
| Defendants. | |

Plaintiff John Mun, by and through his attorney of record, Dennis R. Acker Esq. hereby opposes defendants' motion regarding Plaintiff's failure to comply with the court's pre-trial order.

## I.   FACTUAL BACKGROUND

On or about December 15, 2005, I met with Mark Ashburn to jointly discuss the prospects of settlement in this case and to review the statement of issues and statement of uncontested fact. At this meeting, I reviewed and approved without changes the statement of issues. I stated that I would also review the statement of uncontested fact in the next few days. I did so and had no changes and allowed defendant to file the statement of uncontested fact. Contrary to defense

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 1

1  counsel's assertions, I have complied with the pretrial order in this respect and have cooperated
2  with defense counsel in attending the required meeting and discussing the above issues. I also
3  informed Mr. Ashburn at this meeting that I would by out of my office after December 24, 2005
4  until January 10, 2006. *See* affidavit of Dennis R. Acker at para 1. Nevertheless, he chose to file
5  the present motion on December 29, 2005 demanding my response by January 3, 2006.

6  On December 23, 2005, I met with defense counsel at the U.S. District Court to review
7  and discuss exhibits. I reviewed the defense counsels exhibits and marked them. We discussed
8  the fact that many of the exhibits were identical to plaintiff's exhibits and that I would provide a
9  copy to defense counsel and the court on December 27, 2005.

10  I prepared and reviewed the exhibits, exhibit list and witness list prior to my leaving on
11  family business in Colorado on December 24, 2005. My mother has recently undergone breast
12  cancer surgery, and I was attending to her and visiting her after the surgery. After making some
13  amendments to these documents, I instructed my secretary to make the necessary changes and I
14  authorized my secretary to sign my signature and initial it on my behalf for filing. I have
15  practiced in the U. S. District Courts in both Colorado and California and such signatures have
16  been accepted for filing without question. I called me secretary On December 26, 2005, to make
17  sure she had made the changes and prepared the documents for filing. *See* Affidavit of Dennis R.
18  Acker at para. 2.

19  On December 27, 2005, my secretary, Nicole Moriarity, prior to leaving the office to file
20  the documents called me in Colorado and told she had filed the necessary documents - when in
21  fact she was just going to do so. She then attempted to file and serve the witness list, exhibit list
22  and exhibits with the court as arranged with opposing counsel and Ms. Pam Richter, case
23  management clerk. The clerks refused to accept the documents as signed and the clerks informed
24  Mr. Moriarity that she could not serve the documents on opposing counsel without filing the
25

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 2

1  documents. Up until my return to my office on January 11, 2006, I was under the impression that
2  these documents had been filed and served. *See* Affidavit of Dennis R. Acker at para 3.
3        Up until my return on January 11, 2006, I had no actual knowledge of the court's order or
4  the defendant's motion on Docket 77 or the requirement that I file a response by January 6, 2006.
5        I began preparing the response required by the court to defendant's motion as soon as
6  possible and filed this affidavit along with the opposition and affidavit of Nicole Moriarity the
7  next day.

## II. DISCUSSION

### A. PLAINTIFF WOULD BE SEVERELY PREJUDICED AT TRIAL IF THE DEFENSE MOTION IS GRANTED AND WOULD BE DENIED THE RIGHT TO A FAIR TRIAL

The sanctions sought by defendant's present motion are most severe and would prejudice the plaintiff in the pursuit of justice in the present case. If he were restricted to using the defendant's exhibits and to only the defense witnesses, he would not receive a fair trial on the merits in this action.[1] . While the court has broad discretion to control the docket and require compliance with its pre-trial orders, plaintiff is entitled to a full and fair trial on the merits of this action. The court has excused late filings by the defendants during this case and the plaintiff should be afforded the same relief.

Defense counsel has been granted at least two extensions of the court's pretrial order in this case. The first was a crucial extension of the court's deadline on filing motions for

---

[1] Plaintiff's counsel apologizes to the court for not filing this response in a timely fashion, but he did so immediately upon learning of the court's docketing order regarding briefing of the motion on Docket 77. *See* Affidavit of Dennis R. Acker. The defendant's motion, however, was served on Decemebr 29, 2005 without an accompanying motion for expedited consideration. Under a normal briefing schedule, plaintiff's motion would be timely filed on January 12, 2006.

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 3

summary judgment allowing defendant to convert his motion in limine on the retaliation claim to a motion for summary judgment. The court did so without requiring an explanation from the defendant as to why this motion could not have been brought within the court's pretrial deadline. The resulting decision by the court on this motion significantly restricted plaintiff's case, and effectively removed the most important claim plaintiff had in this case.

The court also recently allowed plaintiff to be excused from the court's pretrial deadline regarding the filing of its witness list due to a minor error. Plaintiff sho8uld be afforded the same relief for any minor error or inadvertence- especially given the severity of the sanctions sought.

**B.     PLAINTIFF SHOULD BE EXCUSED FROM ANY SANCTION REQUESTED IN THE MOTION PURSUANT TO FRCP RULE 60(B).**

Plaintiff should be excused from filing to comply with the court's pre-trial order under the spirit of FRCP Rule 60(B). Under this rule, a party can be excused from an order of the court for a mistake, inadvertence or excusable neglect. Plaintiff's counsel apologizes to the court for not having the necessary documents prepared by December 19, 2005 as required by the court order. The demands of plaintiff's counsel's practice in a single attorney firm precipitated the delay in filing. Plaintiff notes that the court also granted an extension of time to defense counsel for filing their witness list pursuant to a minor filing error.

Plaintiff's counsel would have filed the necessary documents on December 27, 2005 as arranged with counsel and Pam Richter, if not for the mistake regarding the signature. Since plaintiff's counsel has done similar filings in other federal district courts, his inadvertence should be excused. Plaintiff's counsel apologizes to defense counsel for any delay in receiving the exhibits and the witness list, but does not believe there is any prejudice in this regard. The

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 4

1  defendant still has almost a month to review these documents and prepare its case prior to trial.

2  Further, most of the exhibits and virtually all of the witnesses wither testified at the earlier

3  arbitration or their names were provided to defense counsel in prior witness lists. There is

4  simply no surprise to defendant as claimed in the motion. If defendant needs additional time to

5  review the exhibits and the witness list, plaintiff will not oppose a continuance of the trial to

6  provide such time to defendant. Since there is no prejudice to defendant, and severe prejudice

7  would result to plaintiff, the motion should be denied.

8

9

10  WHEREFORE, plaintiff John Mun respectfully requests that this court deny Defendants'

11  motion for regarding Plaintiff's failure to comply with the Court's Pretrial Order.

12  Dated this 12th day of January 2006.

13  RESPECTFULLY submitted,

14

15

16  _____

17  Dennis R. Acker, Esq.
    Bar No. 9911055

18  Acker & Associates
    329 F. Street, Suite 220

19  Anchorage, AK 99515
    (907) 222-2885

20

21  Attorney for Plaintiff John Mun

22

23

24

25

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 5

CERTIFICATE OF SERVICE

I hereby certify that a true
copy of the foregoing was hand delivered
this   12th   day of January 2005
to the following:

Mark Ashburn Esq.
Ashburn & Mason
1130 W. 6th Ave., Ste. 100
Anchorage, AK 99515

*[signature]*

Opposition to Motion Regarding Plaintiff's Failure to Comply with the Court's Pretrial Order
Mun v. University of Alaska et al.
Page 6