Mark E. Ashburn
Matthew T. Findley
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

Attorneys for Defendants University of Alaska Anchorage and
Rick Weems

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNIVERSITY OF ALASKA at )<br>ANCHORAGE, an instrumentality of the )<br>State of Alaska, and RICK WEEMS, )<br>Individually, )<br>)<br>Defendants. )<br>)<br>)<br>) | Case No. A03-0244 CV [JWS]<br><br>**DEFENDANTS' TRIAL BRIEF** |

Pursuant to the Court's Order of July 22, 2005, Defendants University of Alaska Anchorage (UAA), and Rick Weems (collectively "Defendants"), by and through counsel Ashburn & Mason, P.C., hereby submit their trial brief.

## I.   INTRODUCTION

Plaintiff John Mun only has four claims remaining in this litigation: (1) A Title VII claim of racial discrimination against UAA based on Mun allegedly being denied overtime pay as CAPP Coordinator because he was Korean; (2) A § 1983 claim against Rick Weems based on Weems's alleged denial of overtime pay to Plaintiff as CAPP Coordinator because he was Korean; (3) A Title VII claim against UAA based on Mun allegedly being denied unidentified promotions and salary increases because of his religion; and (4) A § 1983 claim against Rick Weems based on Weems's alleged denial of unidentified promotions and salary increases to Mun because of his religion.  *See* Defendants' Joint Statement of Issues.

Because Mun must make the same showing to prevail on his Title VII and § 1983 claims,[1] and because Mun's factual allegations regarding these claims are identical, *see* Compl. ¶¶ 14, 23-26, these claims boil down to two issues for trial: (1)

---

[1]   *See Thomas v. City of Beaverton*, 379 F.3d 802, 812-13 (9th Cir. 2004); *Sischo-Nowenjad v. Merced Community College Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991); *Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir. 1984); *see also*, *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir. 1988) ("the showing a plaintiff must make to recover on a disparate treatment claim under Title VII mirrors that which must be made to recover on an equal protection claim under section § 1983.").

was Mun denied overtime pay as CAPP Coordinator solely because he was Korean;[2] and (2) was Mun denied any promotions or pay increases he applied for solely because of his religious beliefs?  Defendants will argue at trial that the answer to both questions is no.

## II.   ARGUMENT

### A.   Was Mun Denied Overtime Pay as CAPP Coordinator Solely Because He was Korean?

To prevail on this issue Mun must prove by a preponderance of the evidence that he was denied overtime pay as CAPP Coordinator solely because he was Korean.[3]  The uncontested evidence, combined with the evidence Defendants will present at trial, will establish that Mun's race was not a factor in any overtime decisions.  Further, Defendants expect that Mun will be unable to introduce evidence to the contrary.

The uncontested facts are that: (1) the CAPP Coordinator position was classified as exempt (not eligible for overtime) prior to Mun's taking the position; (2) the CAPP Coordinator position was advertised as exempt when Mun accepted the position; (3) UAA conducted an internal review of the position's classification and determined the position should be classified as nonexempt (eligible for overtime); and (4) UAA

---

[2]   The Court has previously entered judgment against Mun on his overtime claim relating to his tenure as Facilities Scheduling Coordinator at UAA.

[3]   *See generally Desert Palace, Inc. v. Costa*, 539 U.S. 90, 97-100 (2003). Defendants do not expect Mun will be able to present sufficient evidence entitling him to a "mixed motive" jury instruction, thus Defendants will argue that Mun must demonstrate unlawful discrimination was the sole reason for his denial of overtime.  *See id*.

informed Mun in October 2002 that his position should have been classified as nonexempt and paid him back pay, plus interest, for all overtime he worked as CAPP Coordinator dating to when he took the position.  *See* Defendants Statement of Uncontested Facts ¶ 2, 13-14, 21-23.  Defendants will further present evidence at trial that: (1) the CAPP Coordinator position failed to be reclassified from exempt to nonexempt due to internal administrative confusion, not due to any discriminatory motive; and (2) other non-Korean employees also had their positions reclassified during this time period.

Mun's previous filings in this case indicate he is not likely to argue his position was misclassified due to his race.  Rather, the only argument Mun has presented in favor of his overtime discrimination claim is that a white UAA employee, Jason Brune, worked as CAPP Coordinator while it was an exempt position but was paid overtime, while Mun, a Korean holding the CAPP Coordinator position while it was exempt, was denied overtime.  *See* Mun Title VII SJ Opp.  The uncontested evidence, however, belies this claim.  Contrary to Mun's argument, during the relevant time period: (1) Brune held the position of Curriculum Specialist; (2) Brune was never formally placed in the position of CAPP Coordinator; and (3) The Curriculum Specialist position was classified as *nonexempt* the entire time Brune held the position.  *See* Defendants Statement of Uncontested Facts ¶ 3-6.  Thus, Defendants will argue at trial that Jason Brune was not similarly situated to Mun, and thus the fact that Brune received overtime pay is not evidence of discrimination against Mun.

Finally, as mentioned above, the uncontested facts are that Mun received back pay, plus interest, for all overtime worked while he was CAPP Coordinator. Accordingly, Defendants will argue at trial that even if Mun prevails on his overtime discrimination claims, he is only entitled to nominal damages up to one dollar.[4]

### B. Was Mun Denied Any Promotions or Pay Increases He Applied For Solely Because of His Religious Beliefs?

To prevail on this issue, Mun must prove by a preponderance of the evidence that that he was denied promotions and/or salary increases he applied for solely because of his religious affiliation.[5] Mun, however, has yet to identify *any* promotion or salary increase he sought but was denied due to his religious beliefs.[6] Rather, all Mun has alleged, primarily through discovery responses, is the supposed existence of a "prayer group" and that *employees other than Mun* were denied promotions and salary increases based on religious affiliation. These allegations, standing alone, cannot establish

---

[4] *See e.g., George v. City of Long Beach*, 973 F.2d 706 (9th Cir. 1992).

[5] *See generally Desert Palace* 539 U.S. at 99-100. As with Mun's racial discrimination claim, Defendants do not expect Mun will be able to present sufficient evidence entitling him to a "mixed motive" jury instruction, thus Defendants will argue that Mun must demonstrate unlawful discrimination was the sole reason for the denial of promotions and salary increases. *See id*.

[6] Mun has alleged specific promotions and salary increases he did not receive relating to his claim of *racial* discrimination. But the court has ruled that these stated promotions or salary increases either do not support a *prima facie* case of discrimination (elimination of curriculum manager position, pay disparities between campuses), or are time-barred (the director of summer sessions position, the salary increases given to Jason Brune and Brad Bodde). Thus, even if Mun were to try and recast these allegations as instances of *religious* discrimination, such an attempt must fail.

liability on Mun's religious discrimination claim. Mun has no standing to assert claims of religious discrimination on behalf of others. And Mun has not stated a hostile work environment claim based on religion. Accordingly, Defendants will take the position at trial that Mun can introduce no evidence regarding his religious discrimination claim until he first identifies at least one promotion or salary increase he sought but was allegedly denied due to his religious beliefs. If Mun is unable to do so, Defendants will request a directed verdict on this claim.

The uncontested facts, however, make it unlikely Mun will be able to make this showing. It is uncontested that Mun received yearly salary increases while he was CAPP Coordinator. *See* Defendants' Statement of Uncontested Facts ¶¶ 19, 36, 48. Further, it is uncontested that Mun did not seek any promotion other than the Director of Summer Sessions position, which as discussed above, cannot support Mun's religious discrimination claim. *See id.* at ¶55. Nonetheless, should Mun be able to identify any promotions or salary increases denied him allegedly due to his religious beliefs, Defendants are prepared to introduce evidence at trial that any promotions or salary increased denied Mun were denied for reasons entirely unrelated to Mun's religious beliefs.

Given the above, and given Mun's previous filings in this litigation, it is likely Mun will attempt to use the trial as an opportunity to criticize the religious beliefs of Rick Weems and his UAA co-workers and will try to introduce evidence of promotions and salary increases allegedly denied other UAA employees. Defendants have previously filed a motion (which Mun has yet to oppose) addressing this issue and

DEFENDANTS' TRIAL BRIEF
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                                       Page 6 of 8

asking that the Court prohibit Mun from introducing this evidence, and incorporate that motion here. *See* Defendants' Motion As To Evidence Relating to Plaintiff's Religious Discrimination Claim.

### C. Mun Should Be Prohibited From Introducing Evidence Unrelated to the Remaining Issues in this Litigation.

Defendants suspect that Mun may also try and spend much of the trial attempting to introduce evidence relating to claims the court has already dismissed.[7] Defendants have filed numerous motions on this issue in order to try and prevent such a waste of the parties' and the Court's time at trial and incorporate those motions by reference here.

## III. CONCLUSION

For the reasons discussed above, Defendants believe Mun will be unable to prove either of his remaining claims by a preponderance of the evidence.

ASHBURN & MASON, P.C.
Attorneys for Defendants

DATED:_____       By:_____
                              Mark E. Ashburn
                              Alaska Bar No. 7405017

DATED:_____       By:_____
                              Matthew T. Findley
                              Alaska Bar No. 0504009

---

[7] Defendants cannot be sure given that Mun has failed to file a witness or exhibit list indicating what evidence he plans to introduce at trial.

**CERTIFICATE OF SERVICE**

I herby certify that on January 13, 2006, a copy of the foregoing Defendant's Trial Brief by hand delivery on:

> Dennis Acker, Esq.
> Acker & Associates
> 329 F Street, Suite 220
> Anchorage, AK  99501

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: 907.276.4331
Fax: 907.277.8235
E-mail:  mea@anchorlaw.com
AK Bar No. 7405017

P:\Clients\10067\Pre-Trial Filings\Trial Brief (060113).dot

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DEFENDANTS' TRIAL BRIEF
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                                    Page 8 of 8