Mark E. Ashburn
Matthew T. Findley
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

Attorneys for Defendants University of Alaska Anchorage, and
Rick Weems

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNIVERSITY OF ALASKA at ) <br> ANCHORAGE, an instrumentality of the ) <br> State of Alaska, RICK WEEMS, ) <br> Individually, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | Case No. A03-0244 CV [JWS] <br><br> **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

Pursuant to the Order of this Court dated July 22, 2005, Defendants University of Alaska Anchorage (UAA), and Rick Weems (collectively "Defendants"), by and through counsel Ashburn & Mason, P.C., propose the following Jury Instructions. Plaintiff has not responded to these proposed instructions.

## PRELIMINARY INSTRUCTIONS

1. *Ninth Circuit Model Civil Jury Instruction* 1.1.
2. *Ninth Circuit Model Civil Jury Instruction* 1.3.
3. *Ninth Circuit Model Civil Jury Instruction* 1.4.
4. *Ninth Circuit Model Civil Jury Instruction* 1.5.
5. *Ninth Circuit Model Civil Jury Instruction* 1.6.
6. *Ninth Circuit Model Civil Jury Instruction* 1.7.
7. *Ninth Circuit Model Civil Jury Instruction* 1.8.
8. *Ninth Circuit Model Civil Jury Instruction* 1.9.
9. *Ninth Circuit Model Civil Jury Instruction* 1.10.
10. *Ninth Circuit Model Civil Jury Instruction* 1.11.
11. *Ninth Circuit Model Civil Jury Instruction* 1.12.
12. *Ninth Circuit Model Civil Jury Instruction* 1.13.

## INSTRUCTIONS DURING TRIAL

13. *Ninth Circuit Model Civil Jury Instruction* 2.1.
14. *Ninth Circuit Model Civil Jury Instruction* 2.2.
15. *Ninth Circuit Model Civil Jury Instruction* 2.4.

ASHBURN & MASON p.c.
LAWYERS
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501-5914
Tel 907.276.4331 • Fax 907.277.8235

## INSTRUCTIONS AT END OF CASE

16. *Ninth Circuit Model Civil Jury Instruction* 3.1.

17. *Ninth Circuit Model Civil Jury Instruction* 3.2.

18. *Ninth Circuit Model Civil Jury Instruction* 3.3.

19. *Ninth Circuit Model Civil Jury Instruction* 3.5.

20. *Ninth Circuit Model Civil Jury Instruction* 3.6.

21. *Ninth Circuit Model Civil Jury Instruction* 3.11.

22. *Ninth Circuit Model Civil Jury Instruction* 4.1

23. *Ninth Circuit Model Civil Jury Instruction* 4.2

24. *Ninth Circuit Model Civil Jury Instruction* 4.3.

25. *Ninth Circuit Model Civil Jury Instruction* 4.4.

26. *Ninth Circuit Model Civil Jury Instruction* 12.4A.2

In addition to these pattern jury instructions, defendants submit the following proposed instructions 1 through 10.

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                                                          Page 3 of 15

27. **DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff, John Mun, claims that Defendants University of Alaska Anchorage (UAA) and Rick Weems denied him overtime pay as CAPP Coordinator solely because he is Korean. Plaintiff further claims that he was denied salary increases and promotions at UAA solely because of his religious beliefs.

Defendants deny each of these claims.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 1.2 as modified.

ASHBURN & MASON p.c.
LAWYERS
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501-5914
Tel 907.276.4331 • Fax 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]    Page 4 of 15

28.     **DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

As to the plaintiff's claim that HIS RELIGION was the sole reason for defendant UAA's decision to DENY HIM PROMOTION(S), the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff SOUGHT A SPECIFIED PROMOTION

2. the plaintiff was DENIED THE SPECIFIED PROMOTION by UAA; and

2. the plaintiff was DENIED THE SPECIFIED PROMOTION solely because of the plaintiff's RELIGION.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for UAA.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 12.1B as modified.

29.     **DEFENDANTS' PROPOSED INSTRUCTION NO. 3**

As to the plaintiff's claim that HIS RELIGION was the sole reason for defendant UAA's decision to DENY HIM SALARY INCREASE(S), the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.   the plaintiff SOUGHT A SPECIFIED SALARY INCREASE

1. the plaintiff was DENIED THE SPECIFIED SALARY INCREASE by UAA; and

2. the plaintiff was DENIED THE SPECIFIED SALARY INCREASE solely because of the plaintiff's RELIGION.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for UAA.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 12.1B as modified.

30.   **DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

As to the plaintiff's claim that HIS NATIONAL ORIGIN was the sole reason for defendant UAA's decision to DENY HIM OVERTIME PAY AS CAPP COORDINATOR, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was DENIED OVERTIME PAY AS CAPP COORDINATOR by UAA; and

2. the plaintiff was DENIED OVERTIME PAY AS CAPP COORDINATOR SOLELY BECAUSE OF HIS NATIONAL ORIGIN.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for UAA.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 12.B as modified.

31. **DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

On the plaintiff's claim against defendant Rick Weems that he was DENIED OVERTIME PAY AS CAPP COORDINATOR SOLELY BECAUSE OF HIS NATIONAL ORIGIN, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of defendant Rick Weems were intentional;

2. Rick Weems acted under color of law; and

3. the acts or omissions of the Rick Weems were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant Rick Weems.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 11.1 as modified.

32.  **DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

On the plaintiff's claim against defendant Rick Weems that he was DENIED PROMOTION(S) SOLELY BECAUSE OF HIS RELIGION, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of defendant Rick Weems were intentional;

2. Rick Weems acted under color of law; and

3. the acts or omissions of the Rick Weems were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant Rick Weems.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 11.1 as modified.

33. **DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

On the plaintiff's claim against defendant Rick Weems that he was DENIED SALARY INCREASE(S) SOLELY BECAUSE OF HIS RELIGION, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of defendant Rick Weems were intentional;

2. Rick Weems acted under color of law; and

3. the acts or omissions of Rick Weems were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant Rick Weems.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 11.1 as modified.

ASHBURN & MASON p.c.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

Case 3:03-cv-00244-JWS   Document 85   Filed 01/13/2006   Page 10 of 15

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                    Page 10 of 15

34. **DEFENDANTS' PROPOSED INSTRUCTION NO. 8**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim that he was DENIED OVERTIME PAY AS CAPP COORDINATOR SOLELY BECAUSE OF HIS NATIONAL ORIGIN, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. You should consider the following:

The uncontested evidence demonstrates that plaintiff was paid back overtime pay plus interest, for the entire time he served as CAPP Coordinator.

The law which applies to this case, however, authorizes an award of nominal damages if plaintiff establishes that he was DENIED OVERTIME PAY AS CAPP COORDINATOR SOLELY BECAUSE OF HIS NATIONAL ORIGIN. Thus, if you find for the plaintiff on this claim, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority:

*Ninth Circuit Model Civil Jury Instructions* 7.1 and 7.6 as modified.

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS] Page 11 of 15

35. **DEFENDANTS' PROPOSED INSTRUCTION NO. 9**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim that he was DENIED PROMOTION(S) SOLELY BECAUSE OF HIS RELIGION, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. You should consider the following:

The reasonable value of wages lost by plaintiff to the present.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 7.1 as modified.

ASHBURN & MASON P.C.
LAWYERS
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501-5914
Tel 907.276.4331 • Fax 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]   Page 12 of 15

36. **DEFENDANTS' PROPOSED INSTRUCTION NO. 10**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim that he was DENIED SALARY INCREASE(S) SOLELY BECAUSE OF HIS RELIGION, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. You should consider the following:

The reasonable value of wages lost by plaintiff to the present.

Authority:

*Ninth Circuit Model Civil Jury Instruction* 7.1 as modified.

## SPECIAL VERDICT FORM

1. Did Defendant University of Alaska Anchorage discriminate against plaintiff in violation of Title VII of the Civil Rights Act by denying plaintiff overtime pay as CAPP Coordinator solely because plaintiff was Korean?

    Yes _____   No _____

2. Did Defendant Rick Weems discriminate against plaintiff in violation of his constitutional rights by intentionally denying plaintiff overtime pay as CAPP Coordinator solely because plaintiff was Korean?

    Yes _____   No _____

3. Did Defendant University of Alaska Anchorage discriminate against plaintiff in violation of Title VII of the Civil Rights Act by denying plaintiff promotion(s) solely because of plaintiff's religious beliefs?

    Yes _____   No _____

4. Did Defendant University of Alaska Anchorage discriminate against plaintiff in violation of Title VII of the Civil Rights Act by denying plaintiff salary increase(s) solely because of plaintiff's religious beliefs?

    Yes _____   No _____

5. Did Defendant Rick Weems discriminate against plaintiff in violation of his constitutional rights by intentionally denying plaintiff promotion(s) solely because of plaintiff's religious beliefs?

    Yes _____   No _____

6. Did Defendant Rick Weems discriminate against plaintiff in violation of his constitutional rights by intentionally denying plaintiff salary increase(s) solely because of plaintiff's religious beliefs?

    Yes _____   No _____

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]                Page 14 of 15

                        ASHBURN & MASON, P.C.
                        Attorneys for Defendants

DATED:_____       By:_____
                                              Mark E. Ashburn
                                              Alaska Bar No. 7405017

DATED:_____       By:_____
                                              Matthew T. Findley
                                              Alaska Bar No. 0504009

**CERTIFICATE OF SERVICE**

I herby certify that on January 13, 2006, a copy of the foregoing Defendant's Proposed Jury Instructions by hand delivery on:

    Dennis Acker, Esq.
    Acker & Associates
    329 F Street, Suite 220
    Anchorage, AK  99501

Mark E. Ashburn
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: 907.276.4331
Fax: 907.277.8235
E-mail:  mea@anchorlaw.com
AK Bar No. 7405017

P:\Clients\10067\Pre-Trial Filings\Defendants' Jury Instructions 3 (060113).dot

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

DEFENDANTS' PROPOSED JURY INSTRUCTIONS
*Mun v. University of Alaska, et al.*, Case No. A03-0244 CV [JWS]          Page 15 of 15