| | |
|---|---|
| JOHN MUN, ) | |
| ) | |
| Plaintiff, ) | 3:03-cv-244  (JWS) |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| ) | [Re:   Motion at docket 77] |
| UNIVERSITY OF ALASKA at ) | |
| ANCHORAGE; RICK WEEMS; RON ) | |
| KAMAHELE; and MARY HOWARD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

On December 29, 2005, at docket 77, defendants moved for relief resulting from plaintiff's failure to comply with the final pre-trial deadlines established by the court. Upon reading that motion, and being independently concerned by plaintiff's failure to comply with the court's order in light of the approaching trial date, the court issued an order which was filed at docket 78 directing plaintiff to respond by January 6, 2006. Plaintiff did not timely respond.  Plaintiff filed an untimely response at docket 79 on January 12, 2006.

The relief sought by defendants at docket 77 is the following: (1) an order admitting all of defendants' exhibits; (2) an order precluding plaintiff from presenting any

exhibits other than those listed by defendants; and (3) an order limiting the witnesses plaintiff may call to himself.

## II.  BACKGROUND

The pre-trial deadlines with which plaintiff failed to comply were established in the court's order of July 22, 2005, at docket 57.  The order required the parties to do the following by December 19, 2005: (1) file a joint statement of issues for trial; (2) file a joint statement of undisputed facts; (3) file a final witness list; and (4) provide copies of exhibits to the court marked either admitted by agreement or identified.[1]  The order also required the parties to file any objections to the adversary's exhibits by December 27, 2005.  Responses to exhibit objections were due on January 3, 2006, and trial briefs and proposed jury instructions were due on January 13, 2006.  All of this was intended to allow time for the court to address disputed matters and to be well prepared for trial to commence on February 6, 2006.  Defendants filed the papers which were due on December 19, 2005, on December 20, 2005.  The court approved the one day late filing based on defendant's motion stating the papers had been prepared by December 19, 2005, but counsel had neglected to file them until December 20, 2005, due to an "administrative oversight."  Plaintiff neither filed the required documents nor filed a motion for permission to file them late.

The papers filed by plaintiff on January 12, 2005,[2] which include a memorandum and affidavits from plaintiff's lawyer, Dennis Acker, and his secretary, Nicole Moriarity, indicate that on December 23, 2005, Acker reviewed the witness list, exhibits, and exhibit list which were to be filed by plaintiff.  It appears that he intended that they be filed by December 27, 2005.  No explanation is given why Acker did not review these materials–materials which should have been filed on December 19, 2005–until December 23, 2005.  In any event, on December 24, 2005, Acker left Anchorage to spend time with his mother who was recovering from surgery.  He did not return to

---

[1] The order also allowed for the filing of last minute motions *in limine* on or before December 19, 2005, but there is no indication that plaintiff intended to file such.

[2] Docs. 79, 80 and 81.

-2-

Anchorage until January 11, 2006. Before leaving, he instructed Moriarity to finish the papers, sign them, and file them. On December 27, Moriarity attempted to file the papers. The papers were properly rejected by the deputy clerk, because they had not been signed by an attorney of record as required by Federal Rule of Civil Procedure 11(a). Moriarity failed to advise Acker that she had been unable to file the papers and apparently also failed to advise him of the order requiring a response by January 6, 2006.

In his papers at docket 79, plaintiff essentially states that he is satisfied with the statement of issues and statement of undisputed facts which were timely filed by defendants. Accordingly, the court will treat defendants' statements as joint statements. They will be binding for purposes of trial.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b) governs enlargements of time. It provides in pertinent part as follows:

> When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Although a close question, the court will treat Acker's absence from Alaska and Moriarity's failure to tell him about the requirement to respond by January 6, 2006, as establishing excusable neglect for not responding to the motion at docket 77 until January 12, 2006. Thus, the court will look at the papers filed by plaintiff on January 12, 2006, to see if they establish excusable neglect for ignoring the deadlines in the pre-trial order.

The papers plaintiff filed on January 12, 2006, do not include any substantive excuse for plaintiff's failure to file the papers due on December 19, 2005. All that is said is that Acker practices in a single attorney office.[3] Yet, even pro se litigants are

---

[3]Doc. 79 at p. 4. That is the only excuse offered that relates to the time prior to December 19, 2005.

-3-

expected to comply with the rules and orders which govern proceedings in this court. Simply saying that one practices in a one lawyer shop does not explain why that one lawyer who had been on notice of the deadlines since July could not have filed what was required by December 19, 2005.

The excuses offered for what happened beginning on or about December 23, 2005, could at most constitute excusable neglect only with respect to filings due after December 23, 2005. Specifically, that is the objections to defendants' exhibits which were due on December 27, 2005. However, it is clear from Moriarity's affidavit that objections to defendants' exhibits were not among the papers which she tried to file in violation of Rule 11 on December 27, 2005. What she had prepared and signed were the witness list and the papers for plaintiff's own exhibits. Thus, there is simply no explanation why Acker had not at least reviewed and given instructions to his secretary regarding the exhibit objections on December 23, 2005, when he reviewed the other materials in anticipation of his departure from Anchorage on December 24, 2005.

The court is left to conclude that plaintiff has not shown anything which might be evaluated to determine if there was excusable neglect. The fact that Acker is a solo practitioner cannot by itself establish excusable neglect. If it did, no solo practitioner would ever be expected to comply with a court's scheduling order. Yet, Acker offers no other explanation for his failure to act prior to December 23, 2005. As to the filing due on December 27, 2005, he appears never to have even considered the need to file objections to defendants' exhibits prior to his departure on December 24, 2005.

In the absence of excusable neglect, there is no basis for enlarging the time within which plaintiff can file the items required by the court's order. The failure to file them means plaintiff must proceed without them. The failure to file a witness list is particularly significant, because the court's order explicitly states that a party cannot call any witness who is not listed on a final trial witness list: "Only those witnesses so listed will be permitted to testify at trial."[4] This is not an unnecessarily strict requirement. The order also requires a synopsis of what the listed witnesses are expected to testify about.

---

[4] Doc. 57 at p. 2.

All of this is intended to eliminate surprise at trial and to allow an efficient use of the resources required for a trial, not the least of which is the time and attention of the members of the jury.  Plaintiff has not timely filed such a list and has shown no excusable neglect which might warrant an enlargement of time in which to do so.  It would follow from a straight forward application of the order that he could call no witnesses at trial.  However, defendants do not seek to foreclose testimony from plaintiff himself.  The court will not impose a greater sanction than that which has been sought, although a greater sanction would be warranted on the record before the court.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 77 is **GRANTED** as follows: Plaintiff may testify in his case in chief, but may call no other witnesses; all of defendants' exhibits are admitted; and plaintiff may not present exhibits at trial other than those marked by defendant.

The court realizes the severity of the consequences of this order for plaintiff. However, these consequences are the direct result of his lawyer's actions.  For the court to rule otherwise would be antithetical to the court's obligation to manage its docket in a responsible fashion and inconsistent with Rule 6(b) and the court's order for final pre-trial proceedings.

DATED at Anchorage, Alaska, this 13th day of January 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE