Mark E. Ashburn
Matthew T. Findley
Ashburn & Mason, P.C.
1130 West Sixth Avenue, Suite 100
Anchorage, Alaska 99501
Phone: (907) 276-4331
Facsimile: (907) 277-8235

Attorneys for Defendants University of Alaska Anchorage and Rick Weems

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JOHN MUN,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF ALASKA at ANCHORAGE, an instrumentality of the State of Alaska, and RICK WEEMS, Individually,<br><br>Defendants. | Case No. 3:03-CV-00244-JWS<br><br>**MOTION FOR SANCTIONS OR JUDGMENT** |

Plaintiff has again failed to abide by the Court's July 22, 2005 pretrial order. Trial briefs, proposed jury instructions, and proposed voir dire questions were due



ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

Friday January 13, 2006, but plaintiff again filed no documents with the Court. Further, plaintiff has yet to respond to the motions relating to complex evidentiary issues defendants filed along with their witness and exhibit lists in December 2005. For the reasons discussed below, Defendants respectfully request: (1) the Court grant defendants' motions relating to complex evidentiary issues as unopposed; and (2) the Court sanction plaintiff for his failure to file a trial brief, jury instructions, and voir dire questions by not permitting plaintiff to submit voir dire questions and jury instructions and by not permitting plaintiff to testify at trial. Defendants expect plaintiff will be unable to demonstrate any excusable neglect given that plaintiff made a filing with the Court *one the day before these filings were due*, yet failed to seek an extension or explain why plaintiff would be unable to meet the January 13 deadline.

Regarding plaintiff's testimony, Defendants did not seek this last sanction in their previous motion regarding plaintiff's failure to file a witness list or an exhibit list because defendants anticipated plaintiff would testify and expected to at least learn the substance of his proposed testimony through plaintiff's pretrial brief. Without the benefit of plaintiff's pretrial brief, however, defendants cannot prepare for plaintiff's testimony. Indeed, without plaintiff's pretrial brief, defendants, as well as the Court, have no knowledge of what evidence or legal theories plaintiff plans to pursue at trial.[1]

---

[1] As defendants have discussed in their evidentiary motions, as well as in their motions in limine, defendants expect that plaintiff intends to spend a significant amount of trial time introducing evidence relating only to claims previously dismissed in this litigation. Plaintiff's late-filed witness and exhibit lists rejected by the Court, confirm defendants' suspicion. The Court's Order of January 13, 2006 indirectly addresses this

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

This lack of knowledge, less than three weeks before trial, is irreparably prejudicial to defendants. Plaintiff has refused to reveal either the expected substance of his own testimony or the substance of his expected trial presentation in violation of both the letter and spirit of this Court's pretrial orders. Defendants (and the Court) have given plaintiff numerous opportunities to make this required showing and plaintiff has simply refused. Accordingly, an order prohibiting plaintiff from testifying at trial is appropriate.

In the alternative to the above sanctions, or in conjunction with them, defendants ask that the Court enter judgment in favor of defendants on plaintiff's remaining claims. At this point, it seems likely that a trial will be a waste of the Court's (and the jury's) time. Even if the Court declines to issue an Order prohibiting plaintiff's testimony, plaintiff will be unable to establish the necessary elements of his remaining claims.

As both parties have agreed and the Court has now ruled, the only remaining issues in this litigation are: (1) whether defendants denied plaintiff overtime pay as CAPP Coordinator solely because he was Korean; and (2) whether defendants denied plaintiff promotions and/or salary increases solely because of his religious beliefs.

Regarding the overtime issue, as explained in defendant's trial brief, the only evidence plaintiff has cited in favor of this claim is that a white UAA employee, Jason

---

concern by limiting plaintiff's trial evidence to his own testimony. But defendants still respectfully request the Court grant the relief sought in defendants' motions on complex evidentiary issues in order to prevent plaintiff from testifying regarding facts irrelevant to the issues remaining in this litigation (should the Court allow plaintiff to testify at all).

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

Brune, worked as CAPP Coordinator while it was an exempt position but was paid overtime, while Mun, a Korean holding the CAPP Coordinator position while it was exempt, was denied overtime. *See* Mun Title VII SJ Opp. But the uncontested evidence, which the Court has now ruled is binding at trial, runs directly contrary to this argument. During the relevant time period: (1) Jason Brune held the position of Curriculum Specialist; (2) Jason Brune was never formally placed in the position of CAPP Coordinator; and (3) the Curriculum Specialist position was classified as *nonexempt* the entire time Jason Brune held the position. *See* Defendants Statement of Uncontested Facts ¶ 3-6. In other words, it is now an established fact that Jason Brune was not similarly situated to Mun, and thus any overtime paid to Jason Brune cannot support Mun's discrimination claim.

Plaintiff's overtime discrimination can only survive, therefore, if plaintiff articulates a new theory and sets forth new evidence of discrimination. But plaintiff can no longer make this showing. First, Mun will be unable to call any witnesses to support his discrimination claims. Further, none of the exhibits marked by defendants (and the only exhibits plaintiff may now reference) support any claim for racial discrimination. Thus, the only evidence Mun will be able to present at trial will be his subjective belief that he was denied overtime due to his national origin. But this testimony, without any basis in personal knowledge or reference to any supporting witnesses or documents, is

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

insufficient to allow his discrimination claim to go to a jury.[2] Moreover, the time for plaintiff to articulate a new theory in support of his discrimination claim has passed. Plaintiff had numerous opportunities during the pretrial process to indicate that he intended to introduce other supporting evidence in support of his overtime discrimination claim and failed to do so. Accordingly, defendants request that the Court enter judgment against plaintiff on his Title VII and Section 1983 racial discrimination claims.

Regarding religious discrimination, as defendants explained in their trial brief, plaintiff has yet to identify *any* promotion or salary increase he sought but was denied due to his religious beliefs. The uncontested evidence, now binding at trial, essentially prevents plaintiff from making this showing. It is uncontested that Mun received yearly salary increases while he was CAPP Coordinator. *See* Defendants' Statement of Uncontested Facts ¶¶ 19, 36, 48. Further, it is uncontested that Mun did not seek any promotion other than the Director of Summer Sessions position, which as discussed above, cannot support Mun's religious discrimination claim because, among other things, this claim is time-barred. *See id*. at ¶55.

Even if plaintiff can somehow circumvent these facts and identify a promotion or

---

2 *See, e.g. Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (Affirming summary judgment against plaintiff whose only evidence was personal belief that defendants acted to retaliate against her stating "[a] plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive."); *see also, Wilborn v. Ashcroft*, 222 F.Supp.2d 1192, 1212 (S.D. Cal. 2002).

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

salary increase he was allegedly denied due to his religious beliefs, the time to do so has passed.[3] Again, plaintiff had numerous opportunities during the pretrial process to identify any such promotions or salary increases, yet plaintiff steadfastly refused to do so. Accordingly, defendants request that the court enter judgment against plaintiff on his Title VII and Section 1983 religious discrimination claims.

Should the Court decline to enter judgment as requested above, and should the Court decline to prohibit plaintiff's testimony at trial, defendants ask in the alternative that in addition to granting defendants' evidentiary motions, plaintiff be compelled to make a filing indicating: (1) what evidence he intends to introduce in favor of his overtime discrimination claim; (2) what promotions and/or salary increases he was allegedly denied due to his religious beliefs; and (3) the substance of plaintiff's expected testimony at trial.

Given that there are less than three weeks left until trial is scheduled to begin, defendants respectfully request that the Court consider the above issues on an expedited basis.

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235

---

[3] Moreover, even if Mun can somehow identify a promotion or salary increase he was allegedly denied due to his religious beliefs, the only evidence he will be able to introduce will be his own subjective belief that defendants denied him the position and/or salary increase due to his religious beliefs. As discussed above, plaintiff's subjective belief, standing alone, cannot get his claim to a jury. *See supra* Note 2.

ASHBURN & MASON, P.C.
Attorneys for Defendants

s/ Mark E. Ashburn
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: (907) 276-4331
Fax: (907) 277-8235
E-mail: mea@anchorlaw.com
Alaska Bar No. 7405017

s/ Matthew T. Findley
1130 West Sixth Avenue, Suite 100
Anchorage, AK 99501
Phone: (907) 276-4331
Fax: (907) 277-8235
E-mail: mtf@anchorlaw.com
Alaska Bar No. 0504009

**CERTIFICATE OF SERVICE**

I herby certify that on January 19, 2006, a copy of the foregoing Motion for Sanctions or Judgment by hand delivery on:

Dennis Acker, Esq.
Acker & Associates
329 F Street, Suite 220
Anchorage, AK 99501

s/ Mark E. Ashburn

P:\Clients\10067\Pre-Trial Filings\Motion re Lack of Trial Brief.doc

ASHBURN & MASON P.C.
LAWYERS
1130 WEST SIXTH AVENUE, SUITE 100
ANCHORAGE, ALASKA 99501-5914
TEL 907.276.4331 • FAX 907.277.8235