MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

*JOHN MUN*  v.  *UNIVERSITY OF ALASKA at ANCHORAGE, et al.*

THE HONORABLE JOHN W. SEDWICK    CASE NO. 3:03-cv-00244 JWS

PROCEEDINGS:    **ORDER FROM CHAMBERS**    Date: January 27, 2006

In a motion at docket 93, defendants seek additional sanctions based on plaintiff's failure to comply with various pre-trial obligations. As one alternative, defendants ask the court to enter judgment in their favor. Previous sanctions imposed by the court have sharply restricted the evidence which plaintiff would be allowed to submit at trial. In response to the motion at docket 93, plaintiff has advised that there is insufficient evidence available to support the only claims plaintiff has which remain for trial. As his lawyer puts it, "there is no longer any viable theory of racial or religious discrimination upon which this case should go to trial." (Docket 98 at p. 2). As a result, plaintiff does not oppose the motion at docket 93.

In the response at docket 98, plaintiff indicates that he still believes there are viable claims under the Fair Labor Standards Act and a claim for retaliation. This court has previously granted defendants summary judgment on those claims. At docket 98, plaintiff indicates that despite not contesting the motion at docket 93, he wishes to preserve his right to appeal from the orders which granted summary judgment to defendants on some of his claims.

Based on the foregoing, the unopposed motion at docket 93 is **GRANTED**. The trial date is **VACATED**. The Clerk is directed to enter judgment that plaintiff take nothing from defendants and that defendants recover from plaintiff their taxable costs.

Finally, it is explicitly noted that nothing in plaintiff's response at docket 98 vitiates his right to appeal the court's orders which granted summary judgment on certain of his claims.