**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 26 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MUN,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>UNIVERSITY OF ALASKA, at Anchorage; RICK WEEMS; RON KAMAHELE; MARY HOWARD,<br><br>    Defendants - Appellees. | No. 06-35265<br><br>D.C. No. CV-03-00244-A-JWS<br><br>MEMORANDUM[*] |



RECEIVED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 4, 2008
Anchorage, Alaska

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

John Mun appeals several interlocutory orders and a judgment on the pleadings that dismissed his claims against the University of Alaska at Anchorage, Mary Howard, Ron Kamahele, and Rick Weems. The district court exercised

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1331, and we review pursuant to 28 U.S.C. § 1291. We affirm the district court.

First, sovereign immunity bars Mun's Fair Labor Standards Act ("FLSA") retaliation claim. When the original complaint was filed, Alaska Stat. § 09.50.250 (2003) authorized a "person or corporation having a contract, quasi-contract, or tort claim against the state [to] bring an action against the state." Devoid of any reference to federal court, this statute does not make a "clear declaration" that the state intended to submit itself to federal jurisdiction. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (internal quotation marks omitted). Moreover, even if the statute in effect at the time this action was commenced could be construed as a waiver of sovereign immunity, the statute has since been amended. Alaska Stat. § 09.50.250 (2005) now provides that actions against the state may be brought only "in a state court." And a state may withdraw its consent even as to pending actions. *See Coll. Sav. Bank*, 527 U.S. at 676 (stating that a state may "alter the conditions of its waiver and apply those changes to a pending suit"); *see also Beers v. Arkansas*, 61 U.S. 527, 529 (1857) (noting that a state "may withdraw its consent whenever it may suppose that justice to the public requires it"). Thus, sovereign immunity applies.

Second, Mun's claim that he suffered racial discrimination because he was not appointed Director of Summer Sessions was time-barred. The twenty-two months that elapsed between the incident and the complaints exceeded the statute of limitations. *See Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1192 n.5 (9th Cir. 2003) ("A plaintiff must file a charge within 180 days after the unlawful employment practice occurred if filing directly with the EEOC, or within 300 days if filing with a state agency possessing the authority to process and remedy such claims under state law."). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Third, Mun failed to establish a prima facie case that he suffered racial discrimination through denial of overtime pay as a Facilities Scheduling Coordinator. Although the record contains multiple exhibits regarding overtime in the Curriculum Advising and Program Planning Coordinator position, Mun did not produce any evidence regarding overtime in the Facilities Scheduling Coordinator position.

Fourth, Mun did not produce adequate evidence to survive summary judgment on his hostile work environment claims. Two isolated statements are insufficient to survive summary judgment under *Vasquez v. County of Los Angeles*,

3

349 F.3d 634, 643-44 (9th Cir. 2004). Those two statements and the facially neutral incidents were not sufficiently severe or pervasive to violate Title VII. *See id.*

Fifth, Mun's Title VII retaliation claim fails because he did not produce evidence that he participated in a protected activity prior to alleged retaliation on October 22, 2002. Thus, there cannot be the required casual nexus between any protected activity and the retaliatory conduct. The only formal grievance filed on or before that date does not contain a single reference to race, religion, or Title VII protections. The text of Mun's affidavit regarding conversations with Rick Weems and Charita Franklin does not specify that the alleged "discrimination" was anything other than the complaint of overtime pay disparities between campuses discussed in the written grievance. These activities are not protected under 42 U.S.C. § 2000e-3(a).

Sixth, we find the issue of sanctions moot because the imposed sanctions only affected the availability of evidence at trial and this case never went to trial. Although Mun's counsel filed a notice of non-opposition shortly after the sanctions order, Mun's counsel included the excluded evidence in his evaluation of the case and he attributed his move to "the court's last ruling on defendants' motion for summary judgment," rather than the sanctions.

Finally, we affirm the district court's entry of judgment in favor of the defendants. Mun's counsel did not move to dismiss the case without Mun's authority; he filed a notice of non-opposition to opposing counsel's motion. The district court was entitled to consider counsel's statements when deciding the unopposed motion for judgment on the pleadings. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts . . . .'"). Additionally, the district court did not abuse its discretion by refusing Mun's personal request for a status conference because he continued to be represented by counsel at the time he made his pro se request.

**AFFIRM.**